```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

FELIX PUELLO, et al,              )
     Plaintiffs,                  )
                                  )
          v.                      )  C.A. No. 08-10417-MLW
                                  )
CITIFINANCIAL SERVICES, INC.,     )
et al,                            )
     Defendants.                  )
```

                    MEMORANDUM AND ORDER

WOLF, D.J.                                          April 16, 2010

I.   INTRODUCTION

Joseph A. Baldi, Trustee of the Bankruptcy Estate (the "Trustee") of plaintiffs Cesar V. Candelario and Victoria E. Candelario (the "Candelarios"), has filed a Motion to Substitute and Motion for Voluntary Dismissal (the "Motion"). Defendants do not oppose the motion, but plaintiffs do. For the reasons described below, the Motion is being allowed, pursuant to Federal Rules of Civil Procedure 17(a) and 41(a)(2).

II.  TRUSTEE'S SUBSTITUTION AS PARTY IN INTEREST

On May 21, 2008, plaintiffs in this case filed their First Amended Complaint, which identified the Candelarios as two of the three named-plaintiffs in this putative class action. On March 31, 2009, however, the Candelarios filed a petition in the United States Bankruptcy Court for the Northern District of Illinois, seeking relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq (the "Bankruptcy Action"). See In re

1

<u>Cesar and Victoria Candelario</u>, Case No. 09-11282 (Bankr. N.D. Ill.).

Upon the filing of the Bankruptcy Action, the Candelarios' assets became the property of their Chapter 7 bankruptcy estate (the "Estate"). <u>See</u> 11 U.S.C. §541 (stating, among other things, that, subject to certain exceptions, all of the debtor's legal or equitable property interests become part of the estate); <u>In re Ontos, Inc.</u>, 478 F.3d 427, 431 (1st Cir. 2007) ("The Bankruptcy Code broadly defines the property of the estate to be comprised of all 'legal or equitable interests of the debtor in property as of the commencement of the case.'") (quoting 11 U.S.C. §541(a)(1)). Among the assets scheduled by the Candelarios in the Bankruptcy Action was their interest in the instant lawsuit, and this interest became part of the Estate. <u>See, e.g.</u>, <u>In re Rare Coin Galleries of America, Inc.</u>, 862 F.2d 896, 900 (1st Cir. 1988) ("[c]auses of action belonging to the debtor are included as property of the estate").

On May 27, 2009, Baldi was appointed as Trustee of the Estate. A bankruptcy trustee is appointed in all bankruptcy cases and is charged, among other things, with the duty of administering the estate. <u>See, e.g.</u>, 11 U.S.C. §§323 (stating trustee is the estate's representative, with the capacity to sue and be sued), 341 (establishing duty to meet with creditors), 345 (establishing rights and duties concerning estate money), 346 (establishing

rights and duties concerning taxes), 347 (establishing rights and duties concerning unclaimed property), 704 (listing duties). Administration of the estate includes the duty to "collect and reduce to money" the estate property, and arrange distribution of proceeds to the debtors' creditors according to priorities and rights set forth in the Bankruptcy Code. See, e.g., 11 U.S.C. §§704(a), 726.

Because the Candelarios' interest in this case is now part of the Estate, and because the trustee of a bankruptcy estate "is the representative of the estate" with the capacity to sue and be sued, see 11 U.S.C. §323, the Trustee is now the "real party in interest" in this case, under Federal Rule of Civil Procedure 17(a). See, e.g., DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co., 448 F.3d 460, 463 (1st Cir. 2006) ("When a trustee is appointed, the trustee 'steps into the shoes of the debtor for the purposes of asserting or maintaining the debtor's causes of action[].'") (citation omitted). Ultimately, because the Candelarios' claims are now part of the Estate, the court is allowing the Trustee's motion to substitute for the Candelarios as the real party in interest in this case. See Fed. R. Civ. P. 17(a); see, e.g., Parker v. Wendy's International, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004) ("Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to

the estate."); GE HFS Holdings, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA, Civ. A. No. 05-cv-11128-NG, 2008 WL 2246673, at *4 (D. Mass. May 29, 2008).

III. TRUSTEE'S VOLUNTARY DISMISSAL OF INDIVIDUAL CLAIMS

On July 30, 2009, the Trustee filed a motion in the Bankruptcy Action (the "Bankruptcy Motion"), pursuant to 11 U.S.C. §363(b) and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, seeking entry of an order authorizing him to resolve all of the Estate's right, title, and interest in the instant action. The Bankruptcy Motion was predicated on an agreement between the Trustee and defendant CitiMortgage. This agreement called for the Trustee to sell the Candelarios' interest in the instant lawsuit to CitiMortgage for $30,000, a sum payable to the Estate. In the Bankruptcy Motion, the Trustee explained that the proceeds from the proposed sale would enable him to pay a significantly higher dividend to the Estate's unsecured creditors and complete administration of the Estate more quickly than if he attempted to assume the Candelarios' role as class representatives.

The Candelarios' counsel in the Bankruptcy Action did not oppose the Trustee's Bankruptcy Motion. However, plaintiffs' counsel in the instant case did file an objection to that motion, arguing that the proposed sale constituted an improper attempt by CitiMortgage to "pick-off" named-plaintiffs and undermine the instant case.

Notwithstanding that objection, the Bankruptcy Court issued an order providing that the Trustee may, at CitiMortgage's request, "take all actions necessary to dismiss the Debtors from [the instant] lawsuit." CitiMortgage requested that the Trustee dismiss the Estate's interest in this suit, and the Trustee, as the real party in interest, now seeks to voluntarily dismiss the Estate's claims with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2).

"Rule 41(a)(2) establishes a framework for district courts to enter voluntary dismissals." Esso Standard Oil Co. (Puerto Rico) v. Rodriguez-Perez, 455 F.3d 1, 3 (1st Cir. 2006). In relevant part, Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

Certain judges, including some in the District of Massachusetts, have taken a bright-line approach that grants voluntary motions to dismiss where, as here, a plaintiff moves to dismiss his claims with prejudice. See Century Manufacturing Co., Inc. v. Central Transport Int'l, Inc., 209 F.R.D. 647, 648 (D. Mass. 2002) ("Under such circumstances, courts have found that they are without discretion and must grant the motion."); Shepard v. Egan, 767 F. Supp. 1158, 1165 (D. Mass. 1990) ("[T]he court will

not compel plaintiff to pursue a claim that she wishes to dismiss with prejudice."); see also Bridgeport Music, Inc. v. London Music, U.K., 345 F. Supp. 2d 836, 841 (M.D. Tenn) (stating that "it is an abuse of discretion for a Court to refuse to grant such a dismissal with prejudice"); but see Operating Engineers Local No. 101 Pension Fund v. Woodson, No. Civ. A. 03-2199-CM, 2004 WL 957838, at *1 (D. Kan. Feb. 18, 2004) (stating that, while courts generally will grant a plaintiff's voluntary motion to dismiss with prejudice, "[t]he Tenth Circuit has declined to adopt a rule that the district court must grant [such a motion] under Rule 41(a)(2)").

There are two justifications for the approach which categorically allows voluntary dismissal with prejudice under 41(a)(2). The first is that dismissal with prejudice is appropriate because it provides complete protection to the defendant: "'when a dismissal with prejudice is granted it does not harm the defendant[.]  The defendant receives all that he would have received had the case been completed.'" Shepard, 767 F. Supp. at 1165 (quoting Schwartz v. Folloder, 767 F.2d 125, 129 (5th Cir. 1985)).  That is, voluntary dismissal with prejudice "serves as a complete adjudication of the issues presented by the pleadings and is a bar to further action between the parties." Duncan Galvizing Corp. v. Valspar Corp., Civ. A. No. 93-12368-GAO, 1996 WL 464048, at *2 (D. Mass. July 12, 1996) (internal quotations omitted) (citing, among others, Shepard, 767 F. Supp. at 1165; Harrison v.

Edison Bros. Apparel Store, 924 F.2d 530, 534 (4th Cir. 1991)). Given that the "principle consideration" for a court considering whether to dismiss a case under Rule 41(a)(2) "is whether dismissal would prejudice the defendant," the fact that dismissal with prejudice secures the defendant's interests weighs heavily in support of allowing such a motion. See Schwartz, 767 F.2d at 129; accord Transwitch Corp. v. Galazar Networks, Inc., 377 F. Supp. 2d 284, 289 (D. Mass. 2005).

The second justification is based on concerns of practicality and logistics. See Shepard, 767 F. Supp. at 1165. In Shepard, Judge Freedman identified the difficult questions that a court would face if it denied a plaintiff's request to dismiss his case with prejudice: "Could the Court force the plaintiff to continue discovery, or offer evidence? Can or should the Court require plaintiff to litigate a claim when plaintiff herself has attempted to dismiss it?" Id. There, the court avoided those questions by allowing the motion to dismiss with prejudice. See id.; accord Century Manufacturing, 209 F.R.D. at 648 (citing Shepard, 767 F. Supp. at 1165).

The First Circuit has recently held that, generally speaking, it is appropriate allow voluntary motions to dismiss with prejudice, in light of the factors explained above. See IVT Direct, Inc. v. Healthy Solutions, LLC, 445 F.3d 66, 70 (1st Cir. 2006) (citing, among others, Shepard, 767 F. Supp. at 1165). However,

the court held that an exception to this approach exists when "a third-party intervenor's interests" would be unduly prejudiced by granting the dismissal with prejudice. Id. at 70-71; see also County of Santa Fe, New Mexico v. Public Serv. Co. of New Mexico, 311 F.3d 1031, 1049-50 (10th Cir. 2002) (reversing dismissal under 41(a)(2) because third-party intervener would have been adversely impacted).

In this case, there is no prejudice to the defendants in allowing the Motion, as indicated by defendants' support for the Motion. See Shepard, 767 F. Supp. at 1165.  In addition, there are no third-party intervener interests to be considered. Cf IVT Direct, 445 F.3d at 70-71.  Plaintiffs, however, have argued that allowing dismissal of the Candelarios' claims would prejudice the interests of putative class members.

That argument is incorrect because, even assuming that the interests of putative class members are germane to this analysis, their interests are not unduly impacted by dismissal of the Candelarios' individual claims, given that a named-plaintiff remains. See Fed. R. Civ. P. 23(a) ("One or more members of a class may sue or be sued as representative parties. . . .") (emphasis added).  In addition, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D), this Order will provide a period of time for the plaintiffs' attorneys to determine whether they will seek to amend the complaint and add or substitute new parties for the

Candelarios. See Griffith v. Bowen, 678 F. Supp. 942, 947 (D. Mass. 1988) (providing 30 days for proposed class to identify new class representatives).

Accordingly, given that the Trustee seeks voluntary dismissal of the Estate's claims with prejudice, and allowing his Motion will not prejudice defendants or any intervener, the court is allowing the Motion. See IVT Direct, 445 F.3d at 70-71; Century Manufacturing, 209 F.R.D. at 648.

IV. ORDER

Accordingly, it is hereby ORDERED that:

1. The Trustee's Motion to Substitute and Motion for Voluntary Dismissal (Docket No. 54) is ALLOWED. The Trustee is SUBSTITUTED for the Candelarios, and the Candelarios' individual claims against defendants are DISMISSED with prejudice.

2. If the remaining plaintiff wishes to move for leave to amend the complaint to add or substitute one or more new named-plaintiffs, he shall do so by May 14, 2010. If defendants oppose any such motion and the court has not denied the motion, they shall complete discovery concerning any proposed new plaintiff by the previously established June 26, 2010 deadline. All other deadlines remain in tact.

       /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE