UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHATONYA HARRIS, MATEO HUERTA, )
and KEVIN NICHOLSON, on behalf of )
themselves and all others similarly situated, )
)
)
Plaintiffs, )
) Civil Action No. 08-10417-MLW
v. )
)
CITIGROUP INC., and )
CITIMORTGAGE, INC., )
)
Defendants. )
)

## FINAL APPROVAL ORDER AND JUDGMENT

Plaintiffs, on their own behalf and on behalf of all similarly situated consumers, submitted to the Court a Motion for Final Approval of the Class Action Settlement and for Approval of Payment of Attorneys' Fees, Costs and Service Payments to Class Representatives ("Motion") seeking final approval of the Stipulation and Agreement of Settlement dated June 24, 2011 (the "Agreement"), and the exhibits attached thereto, entered into by and between Plaintiffs, Citigroup, Inc., and CitiMortgage, Inc. (collectively "the Defendants"). Defendants do not oppose Plaintiffs' Motion.

On March 6, 2012, this Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order"). (Doc. No. 105) Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this Court having considered all papers filed and proceedings held herein, and otherwise being fully informed of the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Final Approval Order and Judgment incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter and, for purposes of this settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent with Due Process, this Court hereby approves the Agreement and finds that the settlement consideration is fair and that said settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class Members, and the Parties are hereby directed to perform its terms.

4. This Court hereby certifies, solely for purposes of effectuating this settlement, the "Settlement Class" defined as follows:

> All African-American or Hispanic borrowers (including, without limitation, individual borrowers, joint-borrowers, and co-borrowers) who obtained a Loan originated between January 1, 2004 and June 24, 2011.

For purposes of this settlement only, the Settlement Class is certified pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3). Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedures set forth in the Preliminary Approval Order (identified in Exhibit 1 hereto) (the "Opt-Outs"). The Court further approves the agreement of the Parties that Defendants will honor the opt out of the class member (Hector

Pineda) whose notice of opt-out was received by the Settlement Administrator after the deadline previously set by the Court.

5. For purposes of this settlement only, this Court finds and concludes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class Members that predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; (e) Defendants have acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Settlement Class as a whole; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6. This Court finds that the notice provided to Settlement Class Members was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, Due Process, and any other applicable laws.

7. This Court has considered and hereby overrules all objections to the settlement on their merits.

8. This Court hereby dismisses with prejudice on the merits and without costs (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the settlement).

9. Plaintiffs and each Settlement Class Member (except Opt-Outs who nonetheless are deemed to release all claims for injunctive and non-monetary equitable relief), their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, joint-borrowers, guarantors, predecessors-in-interest, assigns and all persons acting for or on their behalf fully, finally and completely release and forever discharge, and shall be deemed to have fully, finally, completely released and forever discharged, the Released Parties, and each of them, from any and all actual or potential claim, right, demand, charge, complaint, action, cause of action, suit, counterclaim, cross-claim, third-party claim, contention, allegation, obligation, assertion of wrongdoing or liability of any and every kind whatsoever for lending discrimination associated with the origination of Loans or any activities attendant to the origination of Loans, including, without limitation, those based on contract, ECOA, and/or the FHA, or any other federal, state, local or other law, statute, regulation, or principle of common law or equity, including, without limitation, all claims for monetary, equitable, declaratory, injunctive, or any other form of relief, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which Plaintiffs or any Settlement Class Member ever had, now has, or may have in the future, resulting from, arising out of, or in any way, directly or indirectly, connected with (a) the claims raised in the Action, or (b) any claims which could have been raised in the Action based on the same transactional nucleus of facts. Plaintiffs and each Settlement Class Member are not deemed to have released other claims

4

related to Loan origination and all claims related to the servicing of Plaintiffs or any Settlement Class Member's mortgage. Among the claims not released are claims that the Defendants or any other entity failed to properly evaluate Plaintiffs and any Settlement Class Member's Loan for a modification pursuant to the Home Affordable Modification Program ("HAMP"). The Court adopts and approves the Joint Stipulation Concerning the Release ("Joint Stipulation") filed by the Parties on August 9, 2012 (Document No. 126) (attached as Exhibit 2 hereto) and finds that the claims of the "non-HMDA borrowers" as defined in the Joint Stipulation are not released pursuant to the Settlement.

10.  As of the date of entry of the Preliminary Approval Order, Plaintiffs and Settlement Class Members are deemed to have waived Section 1542 of the California Civil Code and any similar, comparable, or similar provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that they release fully, finally and forever all

Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.

11. This Court approves the Parties' agreement that Defendants will pay Class Counsel $400,000 in attorneys' fees and costs, and will pay service awards of $5,000 for each of Plaintiffs, for a total of $15,000 in service awards. The service awards shall be in addition to any claims Plaintiffs may have to obtain any monetary benefits available under the Agreement. This Court, having presided over the above-captioned action and having considered the materials submitted by Class Counsel in support of final approval of the settlement as well as their request for attorneys' fees and costs, finds the award appropriate based on the following factors:

    a. The settlement provides substantial benefits for the class.

    b. The requested award of attorneys' fees and expenses is within the range of reasonable fees for similar class action settlements.

    c. The requested fee is consistent with the total lodestar fees of Class Counsel, based on declarations submitted to the Court.

    d. This litigation raised numerous questions of law and fact, Plaintiffs' Counsel was opposed by highly skilled defense counsel, the litigation was intensely contested through the completion of the Settlement Agreement, and there was substantial risk that Plaintiffs would not prevail on some or all of their claims.

    e. The Settlement was negotiated at arms' length and without collusion, with the assistance of a highly qualified mediator.

    f. The fees will be paid in addition to and will not diminish any class settlement.

12. The Court approves the Parties' agreement that Defendants will honor and pay all otherwise valid claims filed after the claims deadline up to and including the date of this Order and will not object to those claims solely on the grounds that they are untimely.

13. This Final Approval Order and Judgment, the Preliminary Approval Order, the Agreement, and any act performed or document executed pursuant to or in furtherance thereof:

    a. Will not be offered or received against the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by the Released Parties as to the truth or relevance of any fact alleged by Plaintiffs, the existence of any class alleged by Plaintiffs, the propriety of class certification had this matter been litigated rather than settled, or the validity of any claim that has been or could have been asserted in the Complaint, Amended Complaint, Second Amended Complaint, or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Complaint, Amended Complaint, Second Amended Complaint, or in any other litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

    b. Will not be offered as or received against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any admission or concession of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate

the provisions of the Agreement, except that the Released Parties may refer to it to effectuate the liability protection granted them thereunder;

c. Will not be deemed an admission by Defendants that they are subject to the jurisdiction of any Massachusetts court;

d. Will not be construed against any Defendant, Plaintiff, putative class member or other person as an admission or concession that the consideration to be given under the Agreement represents the amount which could be or would have been recovered after trial.

14. The Released Parties may file the Agreement and/or this Final Approval Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, set-off or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to non-released claims of Opt-Outs.

16. Without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains continuing jurisdiction to implement the Agreement and to construe, enforce and administer the Agreement and this settlement. Class Counsel will continue in their role to oversee all aspects of the Agreement and settlement. Upon notice to Class Counsel, Defendants may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or

process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order and Judgment.

17. If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order and Judgment, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

IT IS SO ORDERED after a hearing on August 9, 2012. /s/

Dated: August 10, 2012

/s/ Mark L. Wolf
Honorable Mark L. Wolf
United States District Judge

9

*EXHIBIT 1*

| OptOut | First | Middle | Last | Co-First | Co-Middle | Co-Last |
|---|---|---|---|---|---|---|
| 70001 | VERONICA | | PINA | | | |
| 70002 | CARRIE | T | SMITH | | | |
| 70003 | LUPE | | SUAREZ | | | |
| 70004 | CIRA | F | PEREZ | | | |
| 70005 | IVAN | | CAMACHO | OLGA | I | CAMACHO |
| 70006 | ELIZABETH | C | PALACIOS | | | |
| 70007 | ANGELA | | MARTIN | | | |
| 70008 | MARIAN | K | ROLLINS | | | |
| 70009 | PHILLIP | H | HUTCHINSON | | | |
| 70010 | SANDY | L | ORTIZ | | | |
| 70011 | MARIA | L | MUSALEM | | | |
| 70012 | MARIA | | MARTINEZ | AMERICA | I | MARTINEZ |
| 70013 | RAY | F | GONZALES | KATHERINE | T | GONZALES |
| 70014 | RICKEY | W | JORDAN | SANDRA | M | JORDAN |
| 70015 | BEATRIZ | | ARREDONDO | | | |
| 70016 | PRISCILLA | | MARCH | | | |
| 70017 | IRENE | S | HEGEDUS | | | |
| 70018 | SANDRA | | CASTILLO-MORENO | | | |
| 70019 | BRENDA | | STEWART | | | |
| 70020 | PAUL | | ROACH | | | |
| 70021 | CAROL | A | DYETT | MAVIS | V | HINES |
| 70022 | ANTONIO | | RAMOS | | | |
| 70023 | ALVARO | | ROJAS | MILDRED | C | ROJAS |
| 70024 | VIRGINIA | E | BROWN | | | |
| 70025 | MARIA | D | EVANOFF | | | |
| 70026 | SHARON | W | MARTINEZ | DOUGLAS | L | MARTINEZ |
| 70027 | J. | JOSE | ELICERIO-DAVILA | | | |
| 70028 | CLARENCE | | JOHNSON | ROSE | E | JOHNSON |
| 70029 | LAURA | | MUHAMMAD | | | |
| 70030 | LOUIS | J | FELLER | MARIA | A | FELLER |
| 70031 | MARIA | N | GONZALEZ | | | |
| 70032 | TRUHAN | | MCCRAY | DIANE | | MCCRAY |
| 70033 | ROBERTO | RODRIGU | RIVERA | MARIANA | HEREDIA | BONILLA |
| 70034 | MARIO | | SOTO | | | |
| 70035 | MICHELLE | A | MCDONALD | | | |
| 70036 | IVAN | RAMIREZ | RODRIGUEZ | VANESSA | GONZALE | BERRIOS |
| 70037 | ANA | PATRICIA | GONZALEZ | | | |
| 70038 | SHERYL | Y | WRIGHT | | | |
| 70039 | LEONOR | M | DELGADO | | | |
| 70040 | O | L | BENDER | CLARA | A | BENDER |
| 70041 | CAROL | C | THOMAS | | | |
| 70042 | BELENNA | M | LAUTO | WILLIAM | J | LAUTO |
| 70043 | GLORIA | JEAN | EVERETT | JOHN | HENRY | EVERETT |
| 70044 | JAMES | | KELTY | ROSE | | KELTY |
| 70045 | OSVALDO | | MENDEZ | | | |
| 70046 | SANDRA | | HAWKINS | | | |
| 70047 | SANDRA | JEFFREY | HAWKINS | | | |
| 70048 | LENORA | D | LEVINE | | | |
| 70049 | LEONARDO | | CABRERA | MARIA | ELENA | REYES |
| 70050 | DOROTHY | | MILLER | | | |
| 70051 | BETSY | ALEXANDI | GUTIERREZ GALAN | | | |

| OptOut | First | Middle | Last | Co-First | Co-Middle | Co-Last |
|---|---|---|---|---|---|---|
| 70052 | VICTOR | | GASPAR | GLORIA | M | SANCHEZ |
| 70053 | HERBERT | W | KING | VIOLA | W | KING |
| 70054 | KIMBERLY | D | DANIELS | | | |
| 70055 | OCTAVIO | O | MENDOZA | LORYLYN | | MENDOZA |
| 70056 | OCTAVIO | O | MENDOZA | LORYLYN | E | MENDOZA |
| 70057 | HOWARD | | SHEPHARD | CLAUDIA | | SHEPHARD |
| 70058 | KAYLEN | D | RANDLE | | | |
| 70059 | JUAN | JOSE | GARCIA | | | |
| 70060 | JUAN | MANUEL | PEREZ-LUNA | JOSE | | PEREZ-BAEZA |
| 70061 | RUPERT | | HERON | | | |
| 70062 | DAVID | ALEJANDR | CARREON | | | |
| 70063 | MARGIE | L | VAZQUEZ | | | |
| 70064 | CHARLES | E | HARRIS | | | |
| 70065 | ANGEL | | GUEVARA | EUNICE | | GUEVARA |
| 70066 | SANTOS | | PEREZ | MARICELA | | SEGURA |
| 70067 | DAVID | | LONDONO | VICTORIA | | LONDONO |
| 70068 | CHERYL | D | LAWS | | | |
| 70069 | VERONICA | | FINDLAY | | | |
| 70070 | MAMIE | | TAYLOR | | | |
| 70071 | MERCEDES | | CASTANEDA | | | |
| 70072 | TIMOTHY | P | O'NEILL | MONIQUE | E GARZA | O'NEILL |
| 70073 | MIGUEL | | TARANGO | | | |
| 70074 | JUDGE | D | HARRIS | IMER | J | HARRIS |
| 70075 | MARIE | ROSE ST | JUSTE | | | |
| 70076 | THERESA | MARIE | SUCHEY | | | |
| 70077 | RICARDO | | TAPIA | | | |
| 70078 | RACHELLE | | SHROPSHIRE | | | |
| 70079 | JUVENAL | | MARTIN | VANESSA | R | MARTIN |
| 70080 | SALLY | | RAMIREZ | ELIUD | | RAMIREZ |
| 70081 | KIRISTIN | | BARBER | | | |
| 70082 | JOSE | | SURINACH | | | |
| 70083 | ELISA | A | PENA | | | |
| 70084 | ROGELIO | P | SILVA | ROSALIA | | LEON-SILVA |
| 70085 | ANDREA | | SMALLS | | | |
| 70086 | RUBEN | | MARTINEZ | | | |
| 70087 | SAMMIE | | BELL | | | |
| 70088 | SUSAN | JAYNE | CABALLERO | HEITOR | | CABALLERO |
| 70089 | JOSE | LUIS DEL | CORONA | | | |
| 70090 | RAMONA | | CALDERON | | | |
| 70091 | MARJORIE | W | PEREZ | | | |
| 70092 | JUDITH | A | LEE | | | |
| 70093 | SUZANNE | E | HORTON | | | |
| 70094 | ENOC | F | DASILVA | RUTH | F | HERDY-DASILVA |
| 70096 | MALIKI | | ALUKO | EUGENIE | A | ALUKO |
| 70095 Late | HECTOR | | PINEDA | | | |



***EXHIBIT 2***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHATONYA HARRIS, MATEO HUERTA and KEVIN NICHOLSON, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>CITIGROUP, INC., and CITIMORTGAGE, INC.,<br>    Defendants. | C.A. NO. 08-10417-MLW |

### JOINT STIPULATION CONCERNING RELEASE

In order to clarify the parties' agreement concerning the release in this matter in light of a discrepancy the parties have identified concerning the size of the class and the number of class notices that went out, Plaintiffs and Defendants Citigroup, Inc. and CitiMortgage, Inc. (collectively "Citi") (together, the Plaintiffs and Defendants are the "Parties") hereby stipulate as follows:

1.     On April 15, 2011, in connection with settlement discussions during the mediation between the Parties, Citi generated data regarding the size of the settlement class. Per the agreement of the parties, this data included only loans contained in public reporting under the Home Mortgage Disclosure Act ("HMDA") of loans to minority borrowers. *See* Declaration of John March, Ex. A.

2.     The data generated by Citi on April 15, 2011, included settlement class members whose loans were originated between January 1, 2004, and December 31, 2010. This data reflected that the settlement class consisted of 103,338 individual and joint borrowers.

3. On August 1, 2011, the Parties filed a Settlement Agreement to fully and finally resolve this matter. Docket No. 89-1.

4. On March 6, 2012, the Court granted preliminary approval of the Settlement. Docket No. 105.

5. On March 9, 2012, Citi provided a class list for purposes of notifying class members of the settlement to both counsel for Plaintiffs and to the settlement administrator. That class list contained a total of 178,399 loan records.

6. Counsel for Plaintiffs first discovered the discrepancy between the number of class members set forth in the Settlement Agreement and the number of notices mailed out on or about July 19, 2012, and subsequently notified counsel for Citi.[1] Citi's counsel thereafter determined that the discrepancy was due to the following factors:

(a) First, additional notices were necessitated by loans made after the date range set during Citi's initial investigation of the settlement class size (December 31, 2010) and before the date of the settlement agreement (June 24, 2011). The definition set forth in the Settlement Agreement included residential mortgage loans originated up until June 24, 2011.

(b) Second, the class lists inadvertently included individuals (the "non-HMDA Borrowers") who had obtained loans, including Home Equity Lines of Credit ("HELOCs"), that were not contained in public reporting under HMDA. The Parties did not intend to include the non-HMDA borrowers within the definition of the class set forth in the Settlement Agreement.

7. All class members received notice of the settlement.

---

[1] The numbers for class notice would not have been expected to match up with the numbers previously given for class size for a number of reasons, including that the class notice data had some six months more of borrowers included within it.

8. Additionally, and inadvertently, each non-HMDA Borrower (or joint borrowers) received a form of notice in this matter under the mailing procedures set out in the Settlement Agreement as described in the filing of the Settlement Administrator. Docket No. 123.

9. Citi has agreed and the parties stipulate that despite their not being members of the settlement class, the non-HMDA borrowers nevertheless will be entitled to the benefits of the Settlement specified in the notice they received pursuant to valid and timely elections they have or may make as if they were settlement class members.

10. Citi has agreed, and the parties further stipulate, that Citi will not enforce the release contained in the Settlement Agreement (Section IV) against any non-HMDA borrower except to the extent a non-HMDA borrower also was included in the class because they had a qualifying HMDA loan.

11. On July 26, 2012, the Parties filed their Motion for Final Approval of the Class Action Settlement. Docket No. 118. The Court will hold a hearing on this motion on August 9, 2012.

12. Counsel for the Parties has conferred regarding the inadvertent inclusion of non-class members in the class notice list and have agreed that the response to the additional notices set forth above is appropriate.

Dated: August 9, 2012

Respectfully submitted,

SHATONYA HARRIS, MATEO HUERTA and KEVIN NICHOLSON

By their attorneys,

*/s/ Gary Klein*
Gary Klein (BBO #560769)
Shennan Kavanagh (BBO #655174)

                                                  Kevin Costello (BBO #669100)
KLEIN KAVANAGH COSTELLO, LLP
85 Merrimac Street, 4th Floor
Boston, MA 02114
Telephone: (617) 357-5500
Facsimile: (617) 357-5030
klein@kkcllp.com
kavanagh@kkcllp.com
costello@kkcllp.com

Dated: August 9, 2012

Respectfully submitted,

CITIGROUP, INC. AND CITIMORTGAGE, INC.

By their attorneys,

*/s/ Brenda R. Sharton*
Brenda R. Sharton (BBO #556909)
Katherine Borden (BBO #670397)
Goodwin Procter LLP
53 State Street
Boston, MA 02109
Telephone: (617) 570-1000
Facsimile: 617) 523-1231
bsharton@goodwinprocter.com
kborden@goodwinprocter.com

## CERTIFICATE OF SERVICE

I, Gary Klein, hereby certify that on this 9th day of August, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent to all registered users through the Court's ECF system.

/s/ *Gary Klein*
Gary Klein